# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **ROCCO J. LEO,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   **Civil Action No. 06-S-625-NE** |
| | ) |
| **TS TECH ALABAMA, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

This action is before the court on a motion to alter or amend a judgment of this court filed by Rocco J. Leo, Trustee in Bankruptcy, who appears in the posture of plaintiff, and, on behalf of the original plaintiff, Stacy Morris, who commenced this employment discrimination action against defendant, TS Tech Alabama, LLC ("TST"), prior to filing a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Alabama.[1]  Trustee Leo seeks reconsideration of the memorandum opinion and order entered by this court, granting defendant's motion for summary judgment, and dismissing all of claims asserted by

---

[1] *See* doc. no. 40.  After being apprised of the bankruptcy filing, this court permitted the trustee in bankruptcy, Rocco J. Leo, to intervene in the capacity of plaintiff, and to prosecute this action as the real party in interest.  *See* 11 U.S.C. § 541; Fed. R. Civ. P. 17(a); *See* doc. no. 30 (Order Staying Case Pending Possible Intervention); and doc. no. 35 (Order Granting Motion to Intervene).

Stacy Morris.[2]

## STANDARDS OF REVIEW

"In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." *Gougler v. Sirius Products, Inc.*, 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005). *Cf. United States v. Bailey*, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003).

Further, the Eleventh Circuit recently reaffirmed the following, well-established principle: "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)) (bracketed alteration in original). *See also*, *e.g.*, *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005) (holding that a Rule 59(e) motion cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised or presented prior to the entry of judgment).

Moreover, when a party relies upon arguments that could have been, but were not, raised in prior pleadings, the court is not obligated to consider them. *See*, *e.g.*,

---

[2] *See* doc. no. 39 (Memorandum and Order of March 26, 2008). The subject motion was filed on April 3, 2008 as doc. no. 40, and it is premised upon Federal Rule of Civil Procedure 59(e), which provides that "[a] motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment." Hence, it was filed in a timely manner.

*Chapman v. AI Transport*, 229 F.3d 1012 1027 (11th Cir. 2000) (*en banc*) ("Parties opposing summary judgment are appropriately charged with the responsibility of marshaling and presenting their evidence before summary judgment is granted, not afterwards."); *American Home Assurance Co. v. Glenn Estess & Associates, Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985) (observing that, if district courts allow parties to raise new arguments after a matter has been decided, it impermissibly affords parties "two bites at the apple"); *Rossi v. Troy State University*, 330 F. Supp. 2d 1240, 1249 (M.D. Ala. 2002) ("Additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration.").

## DISCUSSION

The Trustee suggests that this court "inappropriately discounted and/or overlooked evidence in the record of habitual, common place, pervasive sexual harassment of and discrimination against females, including Ms. Morris, and the sexual hostile work environment fostered by [TST] despite its official, but ineffective, company policies."[3]  The Trustee specifically argues that, when all reasonable inferences are drawn in favor of the original plaintiff, Stacy Morris, the non-moving party, the record shows that sexual comments and touchings at Morris's workplace occurred with sufficient frequency to be considered "pervasive."  The Trustee

---

[3] *See* doc. no. 40, at 2.

supports this contention with the following declarations of ex-TST employee Dustin McCullars:

> [Richie] Andrews [Morris's supervisor] made physical contact with the female employees, including Stacy Morris, on my line frequently. This physical contact included rubbing his body parts on them, including his crotch area or with his hands. If a female employee objected to him touching her, or did not do as he asked, he would harass her and make her job more difficult the next night. Andrews called female employees out to his office to be "drug tested" several times a week, but they later said they were not being tested for drugs. I don't recall ever being sent for a drug test. After these episodes, the female employees said Andrews would ask them questions about sexual matters involving their boyfriends or husbands. Andrews did not treat male employees the same way.
>
> . . . .
>
> Chris Dakin [a Trainer for TST] had a problem with female employees in general, and harassed females and treated them poorly in comparison to male employees. Chris Dakin also loved to brush up against female employees at every opportunity when he could, even using his crotch every once an a while. On one occasion I saw him run by a female employee and grab her breasts and then keep on running. He would assign female employees to the tasks on the line that required the employee to bend over. One of the jobs he liked to send Stacy Morris to do was doing the back J. clip. This required her to lean over the back of the seat. Another job was one called Plastics 3, which also required the employee to bend over. Dakin would often stand an unnecessary amount of time around the female employee [sic] while performing these jobs.[4]

The Trustee also notes that, in a declaration submitted by plaintiff, Stacy

---

[4] Decl. of McCullars at ¶¶ 3 and 8.

Morris, she testified that "[she] frequently heard males talking about women in a sexual way, betting on which female co-workers they would have sex with, and flirting with females."[5]

The foregoing, vague declarations by McCullars and Morris neither specify the frequency of the alleged conduct, nor show that the alleged conduct unreasonably interfered with *Morris's* job performance. Accordingly, this court is unpersuaded that it erred in concluding that plaintiff failed to create a genuine issue of material fact concerning whether the alleged harassment at Morris's workplace was so frequent as to fairly be characterized as pervasive.

The Trustee further asserts that this court improperly excluded consideration of an instance of sexual harassment by Richie Andrews, Morris's supervisor, during an after-work party at a private residence. Under the nexus theory for evaluating harassment that occurs outside of work, this court found that Andrews's conduct was unrelated to Morris's hostile work environment claim.[6] This court's finding was based upon two considerations: the failure of plaintiff to produce evidence indicating that the sexual episode at the party grew out of harassment in the workplace; and, very little evidence to support the contention that Andrews's sexual advances at the

---

[5] Decl. of Morris at ¶ 3.
[6] *See* doc. no. 39 (Memorandum Opinion and Order), at 24-26.

after-hours party had ramifications in the workplace.[7]

The Trustee also contends that this court overlooked "testimony in the record that Andrews flirted with most of the females on his line [at work], including *touching Ms. Morris* and other females."[8] The Trustee supports this contention with McCullars's declaration that "Andrews made physical contact with the female employees, including Stacy Morris," and Morris's deposition testimony that "[Andrews] was flirtatious with every woman."[9] The Trustee also notes that Andrews had knowledge that Morris planned to attend the off-premises party, and that he arrived to the party shortly after she did. The Trustee contends that from the evidence indicating that Andrews flirted and touched Morris at the workplace and his attendance of a party he knew she would attend, a jury could reasonably infer that Andrews had touched Morris inappropriately at work before the party, or at least flirted with her, and *may* have made a bet that he could have sexual intercourse with her. Such inferences would be sheer speculation, because the Trustee has not produced evidence indicating that Andrews touched Morris *before the party*, made advances toward her *before the party*, or made bets about having sexual intercourse *with her*. While this court is required to draw reasonable inferences in favor of the

---

[7] *Id*. at 27-28.

[8] *See* doc. no. 40, at 6 (emphasis in original).

[9] Decl. of McCullars at ¶ 3 and Depo. of Morris at 72.

non-moving party, original plaintiff Stacy Morris, "an inference is not reasonable if it is 'only a guess or a possibility,' for such an inference is not based on the evidence but is pure conjecture and speculation." *Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1324 (11th Cir. 1982) (quoting *Smith v. General Motors Corp.*, 227 F.2d 210 (5th Cir.1955)). This court is unpersuaded that Andrews's sexual advances toward Stacy Morris at the off-site, after-hours party should have been considered when evaluating Morris's hostile work environment claim.

This court is further unpersuaded that it failed to consider the totality of the circumstances when considering the *objective* severity of Morris's allegations that Chris Dakin, a TST trainer,[10] once "nudged" her breasts, and that several male employees made sexual comments about Morris in the workplace. Morris did not claim that any of the remarks negatively affected her ability to perform her duties and, as a whole, the isolated breast nudging incident and the six remarks over five months were simply not sufficiently severe or pervasive to create an actionable harassment claim.

Finally, the Trustee contends that this court improperly dismissed Morris's sex-discrimination claim. The Trustee argues that this court erroneously found that

---

[10] Dakin states that he was promoted to the position of trainer and that the position required him to instruct line workers, such as Morris, on what to do. Affidavit of Dakin at ¶¶ 2, 7.

plaintiff failed to produce evidence indicating that similarly-situated male employees were treated more favorably that Morris. The Trustee asserts this court overlooked an EEOC interview of ex-TST employee Joshua Green, in which Green stated that TST tolerated sexual harassment of females by males. However, when Green was asked "[d]id [he] ever see anyone at TS Tech sexually harass Stacy Morris?," he replied "no."[11] The Trustee also asserts that this court overlooked McCullars's statements that "Andrews did not treat male employees the same way" that he treated female employees, and that McCullars quit his job at TST because he "did not approve of the way females were treated by the company, including Stacy Morris."[12] This court is unpersuaded that these vague statements by Green and McCullars create a genuine issue of material fact to whether TST treated similarly-situated male employees more favorably than Morris.

## II. CONCLUSIONS

In summary, this court has reviewed the memorandum opinion and order of March 26, 2008, in conjunction with the pleadings on record, and is unpersuaded that its prior conclusions were in error. Accordingly, the motion to alter or amend the judgment filed pursuant to Federal Rule of Civil Procedure 59(e) by Rocco J. Leo,

---

[11] EEOC interview of Josh Green.
[12] Decl. of Dustin McCullars at ¶¶ 3, 7, 10.

Trustee in Bankruptcy, who appears in the posture of plaintiff, and, on behalf of the original plaintiff, Stacy Morris, is DENIED.

DONE and ORDERED this 22nd day of October, 2008.

_____
United States District Judge